1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PAULINE DICKMAN, Individually and as a class representative, | NO. |
| Plaintiff, | **NOTICE OF REMOVAL** |
| vs. | |
| MULTICARE HEALTH SYSTEM, a Washington nonprofit corporation, IOD, INC., A Wisconsin corporation, | |
| Defendants. | |

TO:     The Clerk, United States District Court
        For the Western District of Washington at Tacoma

## I.     REMOVAL OF STATE COURT ACTION

MultiCare Health System ("MultiCare") and IOD, Inc. ("IOD"), are defendants in the above-entitled civil action, which was commenced on February 26, 2015, by filing of the Complaint for Damages and Declaratory and Injunctive Relief ("Complaint") in the Pierce County Superior Court under Cause No. 15-2-06366-4.  The action is still pending in the Superior Court of the State of Washington for Pierce County.  By this Notice, Defendants jointly request this action be removed to this Court from the Superior Court of the State of Washington for Pierce County pursuant to 28 U.S.C. § 1441(a).

NOTICE OF REMOVAL - Page 1

## II.   GROUNDS FOR REMOVAL

This Court would have original jurisdiction over this action under 42 U.S.C. § 1331 because plaintiff's claim arises under the laws of the United States.  To determine whether the claim arises under federal law, courts must examine the well-plead allegations of the complaint.  *Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 6, 123 S.Ct. 2058 (2003). Plaintiff's complaint alleges that defendants violated federal law in responding to her attorney's requests for protected health information and claims that violation of law entitles her to a remedy under the Washington Consumer Protection Act.

**A.   Federal question jurisdiction attaches to a state law claim where an essential element of the claim arises under federal law.**

In *Cal. Shock Trauma Air Rescue v. State Pomp. Ins. Fund,* 636 F.3d 538, 541 (9th Cir. 2011) (*CALSTAR*), the Ninth Circuit indicated that removal based on federal question jurisdiction is permitted where an essential element of a state law claim arises under federal law, stating:

> Under the well-pleaded complaint rule, we must determine whether 'a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.' *See Gully v. First Nat'l Bank,* 299 U.S. 109, 112, 57 S.Ct. 96, 81 L.Ed. 70 (1936).

*CALSTAR* relied upon *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 314 (2005), which permits removal when "a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."

**B.   The Essential Element of Plaintiff's Complaint is an Alleged Violation of Federal Law.**

Plaintiff alleges that defendants' violated the Health Insurance Portability and Accountability Act (HIPAA) and seeks a declaratory judgment to that effect, as well as

LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
601 Union Street, Suite 1500
Seattle, Washington 98101-1363
T: (206) 622-5511  F: (206) 622-8986

1  injunctive relief.  Complaint at 9-10.  She further alleges that HIPAA violations constitute a

2  *per se* violation of the Washington Consumer Protection Act.  Complaint at 10-11.  The

3  alleged HIPAA violation is the sole basis for any of plaintiff's claims for relief.

4  **III.    RECEIPT OF INITIAL PLEADING AND TIMELINESS OF REMOVAL**

5        By service executed on March 4, 2015, MultiCare first received a copy of the

6  Complaint in this action.  This notice is filed within thirty (30) days of such receipt as

7  required by 28 U.S.C. § 1446(b)(1) & (b)(2)(B).

8  **IV.    INTRADISTRICT ASSIGNMENT**

9        The complaint alleges that plaintiff is a resident of Pierce County, Washington.

10 MultiCare's principal place of business is in Pierce County.

11 **V.    THE STATE-COURT COMPLAINT AND OTHER PLEADINGS**

12       Attached to this Notice are true copies of the following:

13       **Attachment A:**  Summons;

14       **Attachment B:**  Complaint;

15       **Attachment C:**  Notice of Appearance for MultiCare;

16       **Attachment D:**  Notice of Appearance for IOD;

17       **Attachment E:**  Motion for Default.

18

19             Respectfully submitted this 1st day of April, 2015.

20

21 BENNETT BIGELOW & LEEDOM, P.S.          DAVIS WRIGHT TREMAINE LLP

22

23 By s/Michael Madden, WSBA #8747         By s/Brad Fisher, WSBA #19895
   Michael Madden, WSBA #8747              Brad Fisher, WSBA #19895
24 Amy Magnano, WSBA #38484                Attorneys for Defendant IOD, Inc.
   Attorneys for Defendant MultiCare Health
25 System

26

LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
601 Union Street, Suite 1500
Seattle, Washington 98101-1363
T: (206) 622-5511  F: (206) 622-8986

1

## CERTIFICATE OF SERVICE

2

I, the undersigned, hereby certify under penalty of perjury under the laws of the State

3
of Washington, that I am now, and at all times material hereto, a resident of the State of
Washington, over the age of 18 years, not a party to, nor interested in, the above-entitled

4
action, and competent to be a witness herein.   I caused a true and correct copy of the
foregoing pleading to be served this date, in the manner indicated, to the parties listed below:

5

6
Ashton K. Dennis, WSBA #44015          ☒   CM/ECF
Washington Law Center, PLLC            ☐   Facsimile

7
15 Oregon Avenue, Suite 210            ☐   U.S. Mail
Tacoma, WA  98409                      ☐   Email

8
ashton@washingtonlawcenter.com

9
Loren A. Cochran, WSBA #32773          ☒   CM/ECF
Pfau Cochran Vertetis Amala, PLLC      ☐   Facsimile

10
911 Pacific Ave, Ste 200               ☐   U.S. Mail
Tacoma, WA  98402                      ☐   Email

11
loren@pcvalaw.com

12
Attorneys for Plaintiffs

13

14
Dated this 1st day of April 2015, at Seattle, Washington.

15

16
By  /s/ Michael Madden

17
Michael Madden, WSBA #8747

18

19

20
{*0111.00185/M1216024.DOCX; 4}

21

22

23

24

25

26

NOTICE OF REMOVAL -  Page 4

# Attachment A

# Summons

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

February 26 2015 2:27 PM

KEVIN STOCK
COUNTY CLERK
NO: 15-2-06366-4

1

2

3

4

5

6

7  IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF PIERCE

8  PAULINE DICKMAN, individually and as a
class representative,

9                                          CLASS ACTION

Plaintiffs,

10                                         NO.

vs.

11                                         SUMMONS

MULTICARE HEALTH SYSTEM, a

12  Washington nonprofit corporation, IOD, INC.,
a Wisconsin corporation,

13
Defendants.

14

15  TO THE DEFENDANTS:

16      A lawsuit has been started against you in the above entitled court by the plaintiff.

Plaintiff's claim is stated in the written complaint, a copy of which is served upon you with this

17
summons.

18      In order to defend against this lawsuit, you must respond to the complaint by stating your

19
defense in writing, and by serving a copy upon the person signing this summons within 20 days

20
after the service of this summons, excluding the day of service, or a default judgment may be

21
entered against you without notice. A default judgment is one where plaintiff is entitled to what he

22
asks for because you have not responded. If you serve a notice of appearance on the undersigned

23
person, you are entitled to notice before a default judgment may be entered.

24

CLASS ACTION SUMMONS                          WASHINGTON LAW CENTER, PLLC
Page 1 of 2                                    15 Oregon Ave., Suite 210

1    A copy of your answer and all other responsive pleadings must be filed with the court.

2    You may demand that the plaintiff file this lawsuit with the court. If you do so, the

3    demand must be in writing and must be served upon the person signing this summons. Within 14

4    days after you serve the demand, the plaintiff must file this lawsuit with the court, or the service

5    on you of this summons and complaint will be void.

6    If you wish to seek the advice of an attorney in this matter, you should do so promptly so

7    that your written response, if any, may be served on time.

8    This summons is issued pursuant to rule 4 of the Superior Court Civil Rules of the State

9    of Washington.

10    DATED this 26th day of February, 2015.

11

12    WASHINGTON LAW CENTER, PLLC

13

14    Ashton K. Dennis, WSBA No. 44015
      Attorney for Plaintiffs

15

16

17    DATED this 26th day of February, 2015.

18

19    PFAU COCHRAN VERTETIS AMALA, PLLC

20

21    Loren A. Cochran, WSBA No. 32773
      Attorney for Plaintiffs

22

23

24

CLASS ACTION SUMMONS                           WASHINGTON LAW CENTER, PLLC
Page 2 of 2                                          15 Oregon Ave., Suite 210
                                                       Tacoma, WA 98409
                                              (253) 476-2653 | (253) 476-2298 fax

# Attachment B

# Complaint

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

February 26 2015 2:27 PM

KEVIN STOCK
COUNTY CLERK
NO: 15-2-06366-4

3|4|15
LAP

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF PIERCE

| | |
|---|---|
| PAULINE DICKMAN, individually and as a class representative,<br><br>Plaintiffs,<br><br>vs.<br><br>MULTICARE HEALTH SYSTEM, a Washington nonprofit corporation, IOD, INC., a Wisconsin corporation,<br><br>Defendants. | CLASS ACTION<br><br>NO.<br><br>COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF |

## I.   INTRODUCTION

1.1     The Federal Standards for Privacy of Individually Identifiable Health Information and/or the Security for the Protection of Electronically Protected Health Information (45 C.F.R. Parts 160 and 164, Subparts A, C and E, the Privacy and Security Rules), state that an individual has the right to access his/her protected health information (PHI), maintained by a covered entity in a designated record set, for as long as the PHI is maintained in the designated record set (e.g. medical or billing records). *See* 45 C.F.R. § 164.524.(a)(1).  If an individual requests an electronic copy of that PHI, except under certain circumstances, a covered entity is required to provide the individual with such electronic copy to the extent it is readily producible. *See* 45 C.F.R §

CLASS ACTION COMPLAINT
FOR DAMAGES
Page 1 of 13

WASHINGTON LAW CENTER, PLLC
15 Oregon Ave., Suite 210
Tacoma, WA  98409
(253) 476-3653  (253) 476-2298 fax

1    164.(C)(2)(i) and (ii).  A covered entity must act on the individual's request for access no later

2    than 30 days after it receives the request.  *See* 45 C.F.R. § 164.524(b)(2).

3         The Privacy Rule permits the covered entity to impose reasonable, cost-based fees to

4    provide individuals (or personal representatives) with access to their PHI.  The fee may include

5    only the cost of copying (including supplies and labor) and postage, if the patient requests that the

6    copy be mailed.  If the patient has agreed to receive a summary or explanation of his or her

7    protected health information, the covered entity may also charge a fee for preparation of the

8    summary or explanation.  The fee may not include costs associated with searching for and

9    retrieving the requested information.  See 45 C.F.R § 164.524(c)(4).

10        Additionally, if an individual's request for access directs the covered entity to transmit the

11   copy of PHI directly to another person designated by the individual, the covered entity must

12   provide the copy to the person designated by the individual.  The individual's request must be in

13   writing, signed by the individual, and clearly identify the designated person and where to send the

14   copy of the PHI.  See 45 C.F.R. § 164.524(c)(3)(ii).

15        1.2     Defendant MultiCare Health Systems ("MultiCare") provided medical services to

16   individuals in the Puget Sound area and have engaged in contract with Defendant IOD, Inc.,

17   ("IOD") to manage, maintain and produce records pursuant to patients' medical records and

18   billing requests.

19        1.3.    Defendant IOD claims to be, "people, technology and ideas that combine a proven

20   approach with creativity and flexibility to deliver a competitive advantage that reaches from the

21   front office to your ***bottom line***."  Defendant IOD acts as an agent for MultiCare when producing

22   records for patients when they request their records and bills.

23

24   CLASS ACTION COMPLAINT
     FOR DAMAGES
     Page 2 of 13

1     1.4    Defendant IOD is well aware of the federal regulations outlined in paragraph 1.1

2  and has been advised as such by the Department of Health & Human Services.[1] Yet, Defendant

3  IOD, as an agent for both MultiCare, continues to violate the federal regulations and disregard the

4  patients' requests to produce records pursuant to federal law.

5     1.5    It is believed that there are hundreds of individuals that have requested medical

6  bills, health information, records and PHI from IOD via the federal regulations set forth in

7  paragraph 1.1 and it has blatantly disregarded those regulations and continued to charge excess

8  amounts for the records to "deliver a competitive advantage" for its clients MultiCare, which

9  impacts the "bottom line".

**II.    PARTIES**

11     2.1    Plaintiff and Class Representative Pauline Dickman is a resident of Pierce County,

12  Washington.

13     2.2    At all times material hereto, Defendant MultiCare Health System is a non-profit

14  corporation duly authorized and licensed by the State of Washington to operate healthcare

15  facilities and provide healthcare services.  Its state of incorporation is Washington.

16     2.3    Defendant IOD, Inc., is a for-profit corporation duly authorized and licensed by the

17  state of Washington.  Its state of incorporation is Wisconsin.

**III.    JURISDICTION AND VENUE**

19     3.1    A substantial amount of the acts giving rise to this complaint occurred in Pierce

20  County, Washington.

21     3.2    Plaintiff Pauline Dickman is a resident of Pierce County, Washington.

---

[1] *See* Exhibit 1.

CLASS ACTION COMPLAINT
FOR DAMAGES
Page 3 of 13

WASHINGTON LAW CENTER, PLLC
15 Oregon Ave., Suite 210
Tacoma, WA  98409
(253) 476-2653 | (253) 476-2298 fax

1    3.3    Defendant MultiCare is a Washington Corporation which regularly transacts

2    business in Pierce County, Washington and King County, Washington.

3    3.4    Defendant MultiCare's headquarters and its principal place of business were, and

4    currently are, in Tacoma, Pierce County, Washington.

5    3.5    The acts giving rise to this complaint occurred in Pierce County, Washington and

6    King County, Washington.

7    3.6    As such, this Court has jurisdiction over this matter pursuant to the State

8    Constitution Art. 4 § 6 and RCW 2.08.010, and venue is proper in this Court pursuant to RCW

9    4.12.020 and 4.12.025.

10    ## IV.    FACTS

11    *Statement of the Case*

12    4.1    The plaintiffs herein properly requested medical records and/or information and/or

13    bills and/or records and/or protected health information (PHI) pursuant to See 41 U.S.C.A. §

14    17935(e)(2) (2009); 45 C.F.R. § 164.524(c)(4) (2002) from IOD, Inc., who was acting as an agent

15    for MultiCare.

16    4.2    IOD, Inc., was aware that The Privacy Rule permits the covered entity [MultiCare

17    via IOD] to impose reasonable, cost-based fees to provide individuals (or personal representatives)

18    with access to their PHI.  The fee may include only the cost of copying (including supplies and

19    labor) and postage, if the patient requests that the copy be mailed.

20    4.3    The Federal Government had notified IOD that it had violated this regulation in the

21    past.  IOD advised the Federal Government it would make changes and not overcharge individuals

22    in the future.

23    4.4    IOD receives requests similar to those submitted by the class representatives on a

24    daily basis.

CLASS ACTION COMPLAINT
FOR DAMAGES
Page 4 of 13

4.5   IOD is well aware that it is unable to charge individuals for records on a per page basis when it receives requests similar to those submitted by the plaintiffs in this case; however, continually does so in an attempt to increase profits for itself and for MultiCare.

4.6   This practice of knowingly failing to follow a patient's request and federal regulations is a wrongful and deceptive practice. This practice is also negligent. The plaintiffs herein have been irreparably harmed because of these practices.

*Plaintiff and Class Representative Pauline Dickman*

4.7   Mrs. Pauline Dickman is an individual. On or about November 13, 2014, she requested records pursuant to U.S.C.A. § 17935(e)(2) (2009); 45 C.F.R. § 164.524(c)(4) (2002) from IOD, Inc., for care rendered at a MultiCare facility. Mrs. Dickman requested her records be provided digitally.

4.8   IOD as an agent for MultiCare failed to comply with the federal regulations that it was well aware of and tried to charge Mrs. Dickman an excessive amount of money for her medical records and bills.[2] IOD attempted to charge on a per-page basis which is an unauthorized practice pursuant to the regulation. A complaint was lodged with MultiCare's agent, IOD, outlining that the fees were in excess of those permitted. In response another excessive bill was sent.[3]

4.9   IOD as an agent for MultiCare charged Mrs. Dickman for her records on a per-page basis instead of based on "only the cost of copying (including supplies and labor) and postage, if the patient request that the copy be mailed."

---

[2] *See* Exhibit 2

[3] *See* Exhibit 3

CLASS ACTION COMPLAINT
FOR DAMAGES
Page 5 of 13

WASHINGTON LAW CENTER, PLLC
15 Oregon Ave., Suite 210
Tacoma, WA 98409
(253) 476-2653 | (253) 476-2298 fax

1    4.10    IOD charged Mrs. Dickman $488.93 for records on a per-page basis. This fee is far

2  in excess which should have been paid pursuant to U.S.C.A. § 17935(e)(2) (2009); 45 C.F.R. §

3  164.524(c)(4) (2002).

4    4.11    On December 12, 2014, IOD delivered Mrs. Dickman a CD with the records on it

5  which cost $488.93.

6    4.12    Mrs. Dickman suffered a monetary loss as a result of the wrongful practices.

7    4.13    Mrs. Dickman also falls within the class injured by MultiCare's wrongful practices.

8                            V.   CLASS ALLEGATIONS

9    5.1    Plaintiffs bring this action on behalf of themselves and the class pursuant to CR 23.

10    5.2    **Class Definition:**  Plaintiffs propose the following class definition:

11        a.        **Damages Class A** - Subjected to IOD's Wrongful Billing Practice on

12  Behalf of MultiCare and Have Paid the Improperly Billed Amount. All persons in the State of

13  Washington: (1) who have requested health information pursuant to U.S.C.A. § 17935(e)(2)

14  (2009); 45 C.F.R. § 164.524(c)(4) (2002); (2) who were improperly and wrongfully charged, (3)

15  and paid IOD and/or MultiCare the improperly and wrongfully billed amount.

16        b.        **Declaratory Relief Class A** – Subjected to IOD's Wrongful and Improper

17  Billing Practice Pursuant to U.S.C.A. § 17935(e)(2) (2009); 45 C.F.R. § 164.524(c)(4) (2002). All

18  Persons in the State of Washington:  All persons in the State of Washington: (1) who have

19  requested health information pursuant to U.S.C.A. § 17935(e)(2) (2009); 45 C.F.R. §

20  164.524(c)(4) (2002); (2) who were improperly and wrongfully charged, (3) and paid IOD and/or

21  MultiCare the improperly and wrongfully billed amount.

22

23    5.3    **Numerosity:** Plaintiffs' proposed class and sub-classes, as defined by CR 23(b),

24  consist of likely hundreds, if not thousands, of persons who have requested health information

CLASS ACTION COMPLAINT
FOR DAMAGES
Page 6 of 13

from IOD as an agent from MultiCare pursuant to U.S.C.A. § 17935(e)(2) (2009); 45 C.F.R. § 164.524(c)(4) (2002); and who have been subjected to Defendants' improper billing practices. As such, the class is so numerous that joinder of all members is impractical.

5.4    **Typicality:**  The plaintiffs' claims and/or defenses are typical of the claims and/or defenses of the class in that the other class members have suffered and will continue to suffer property loss, including but not limited to, loss of monies, due to IOD and/or MultiCare's record billing practices.

5.5    **Named Class Members Identifiable.**  Class members can be identified, upon information and belief, through MultiCare's and IOD's records requests and/or information in MultiCare's, and/or IOD's possession or control of health care record requests pursuant to the mentioned statutes.

5.6    **Adequacy of Representation:**  The plaintiffs will fairly and adequately protect the class because (1) plaintiffs have retained counsel that is competent and experienced in the prosecution of such litigation, (2) plaintiffs and their counsel are aware of no conflicts of interest between plaintiffs and absent class members or otherwise; and (3) plaintiffs are knowledgeable concerning the subject matter of this action and will assist counsel in the prosecution of this litigation.

5.7    This lawsuit involves questions of law and fact that are common to the class.

5.8    **Common Questions of Law and Fact:**  Questions of law and fact which are common to the class with respect to the claims against Defendants predominate over any individual questions. Among such questions of law and fact are:

CLASS ACTION COMPLAINT
FOR DAMAGES
Page 7 of 13

WASHINGTON LAW CENTER, PLLC
15 Oregon Ave., Suite 210
Tacoma, WA 98409
(253) 476-2653  (253) 476-2298 fax

A.  Whether Defendants MultiCare and/or IOD health care information production protocols violate the Consumer Protection Act of the State of Washington and/or the consumer statute of various states, by violating well known federal laws.

B.  Whether Defendants MultiCare and/or IOD health care information production protocols violate the Consumer Protection Act of the State of Washington and/or the consumer statute of various states, by continually overcharging individuals although it has been told by the federal government to stop its unlawful practice.

5.9     There is a community of interest among the Class Members in obtaining appropriate compensatory damages and declaratory relief.

5.10    **Superiority:**  A class action provides a fair and efficient method for adjudicating this controversy and is superior to the other methods of adjudication in that (1) neither the size of the class, nor any other factor, make it likely that difficulties will be encountered in the management of this action as a class action; (2) the prosecution of separate actions by individual class members, or the individual joinders of all class members in this action is impracticable and would create a massive and unnecessary burden on the resources of courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of each member of the class, (3) because of the disparity of resources available to defendants versus those available to individual class members, prosecution of separate actions would work a financial hardship on many class members and (4) the conduct of this action as a class action conserves the resources of the parties and the court system and protects the rights of each member of the class and meets all due process requirements as to fairness to all parties.  A class action is also superior to maintenance of these claims on a claim by claim basis when all

CLASS ACTION COMPLAINT
FOR DAMAGES
Page 8 of 13

WASHINGTON LAW CENTER, PLLC
15 Oregon Ave., Suite 210
Tacoma, WA 98409
(253) 476-2653 | (253) 476-2298 fax

1    actions arise out of the same circumstances and course of conduct.

2

3       5.11   **Individual Prosecution Unlikely and Unreasonable.** Plaintiffs and their counsel are not aware of any interest that members of the class would have in individually controlling the

4    prosecution of separate actions, especially given the size of each individual claim, and the cost,

5    expense and difficulty of litigating against defendants. Plaintiffs and their counsel are also not

6    aware of any actions already commenced on behalf of the class members alleging similar claims

7    or seeking similar relief. Given the similar nature of the class members' claims and the absence of

8    material differences in the state statutes and common law doctrine upon which the class members'

9    claims are based (should Washington law not solely apply), a class action should be managed by

10    this court. A significant economy of scale exists in concentrating the litigation in this forum.

11

12       5.12   The proposed class fulfills the certification criteria of CR 23(a), and certification of

13    the above defined class is appropriate under the provision of CR 23(b).

14                   **VI.**    **CAUSES OF ACTION**

15   **A. Declaratory and Injunctive Relief Against MultiCare and IOD**

16       6.1 Plaintiffs re-allege the paragraphs set forth above and below.

17       6.2 Plaintiffs seek a judicial declaration that Defendants MultiCare and IOD health care

18    information, including records and bills, producing practices violate Washington law. Specifically,

19    Plaintiffs seek an order from the Court enjoining Defendants MultiCare from retaining third-party

20    producer IOD to bill, collect, invoice, deceive or otherwise violate U.S.C.A. § 17935(e)(2) (2009);

21    45 C.F.R. § 164.524(c)(4) (2002) when a person requests health care information pursuant to the

22    act.

23

24

CLASS ACTION COMPLAINT
FOR DAMAGES
Page 9 of 13

WASHINGTON LAW CENTER, PLLC
15 Oregon Ave., Suite 210
Tacoma, WA 98409
(253) 476-2653  (253) 476-2298 fax

**B. Consumer Protection Act Against MultiCare and IOD**

6.3     Plaintiffs re-allege the paragraphs set forth above and below.

6.4     RCW 19.86.02 defines unfair methods of competition and unfair or deceptive practices in the conduct of any trade or commerce to be unlawful

6.5     Doctors may be sued for consumer protection violations when suit is based on his entrepreneurial activities, as such activities are not "health care" within meaning of statute governing procedural and substantive aspects of actions for damages for injury occurring as result of health care. *Wright v. Jeckle,* 104 Wash.App. 478, 16 P.3d 1268, (2001) amended on reconsideration in part, review denied 144 Wash.2d 1011, 31 P.3d 1185.

6.7     Plaintiffs and the proposed class members suffered requested health related information pursuant to U.S.C.A. § 17935(e)(2) (2009); 45 C.F.R. § 164.524(c)(4) (2002) from MultiCare or IOD.  The Defendants disregarded the requirements of the Act which is a deceptive and unlawful practice and attempted to increase the "bottom line" of their companies.  MultiCare, and IOD would not produce health related information to the plaintiffs and class members unless they paid the unlawfully inflated and improper invoices.

6.8     The acts and omissions of defendants MultiCare and IOD as described herein, and as will be further developed in discovery, were and are unfair and deceptive acts or practices in trade and commerce, and affect the public interest. As such, the acts and omissions of MultiCare, IOD as described herein, and as will be further developed in discovery, are in violation of Washington's Consumer Protection Act, RCW 19.86 *et seq.*, entitling the plaintiffs and class members to treble damages, reasonable attorneys' fees, costs of suit, and such other relief as may be permitted by statute.

CLASS ACTION COMPLAINT
FOR DAMAGES
Page 10 of 13

WASHINGTON LAW CENTER, PLLC
15 Oregon Ave., Suite 210
Tacoma, WA  98409
(253) 476-2653 | (253) 476-2298 fax

6.9     Defendants', MultiCare and IOD, unlawful and improper health care production practices directly and proximately caused injury to plaintiffs and other class members' property interests.

**D. Negligence Against MultiCare**

6.10    Plaintiffs re-allege the paragraphs set forth above and below.

6.11    Plaintiffs and the proposed class members received health care treatment from MultiCare. As such, a special relationship exists between MultiCare and the plaintiffs and proposed class. This special relationship created duties of reasonable care, which are owed by MultiCare to Plaintiffs and the proposed class. Additionally, if IOD was acting as MultiCare's agent, then its acts and omissions are imputed to MultiCare.

6.12    MultiCare has a duty to not improperly invoice and bill its patients for health care information that has been properly requested pursuant to U.S.C.A. § 17935(e)(2) (2009); 45 C.F.R. § 164.524(c)(4) (2002).  Further, MultiCare should not be holding this health care information hostage until the over inflated and improper invoices are paid.

6.13    The acts and omissions of MultiCare and IOD as described herein, and as will be further developed in discovery, were negligent and in violation of its duty to exercise reasonable care towards Plaintiffs and the proposed class members.

6.14    As a direct and proximate result, Defendants', MultiCare and IOD, unlawful and improper health care production practices directly and proximately caused injury to plaintiffs and other class members' property interests.

CLASS ACTION COMPLAINT
FOR DAMAGES
Page 11 of 13

WASHINGTON LAW CENTER, PLLC
15 Oregon Ave., Suite 210
Tacoma, WA 98409
(253) 476-2653 | (253) 476-2298 fax

# I.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request a judgment against Defendants MultiCare and IOD:

1.    Class Certification.    A finding that this action should proceed as a class action under CR 23.

2.    Declaratory Relief.    A judicial declaration that the defendant's billing/invoicing practices when a patient requests health care information pursuant U.S.C.A. § 17935(e)(2) (2009); 45 C.F.R. § 164.524(c)(4) (2002) violates Washington law, and that all previous paid invoices falling within the class were unlawful invoices.

3.    Equitable Relief.    Equitable relief in the form of restitution and/or disgorgement of all money received by IOD and/or MultiCare as a result of the unlawful conduct alleged herein.

4.    Damages.    Damages in the amount to be proven at trial including but not limited to all monies improperly taken as a result of IOD's and/or MultiCare's conduct.

5.    Exemplary Damages.    Damages and such other relief, such as treble damages up to $25,000 per claimant under RCW 19.86.090.

6.    Punitive Damages against IOD.    For punitive damages against Wisconsin defendants IOD as allowed by Wisconsin law.

7.    Fees and Costs.    The costs of bringing this suit, including but not limited to reasonable attorneys' fees and costs under RCW 19.86.090 and RCW 19.16.440.

8.    For such other relief that the Court deems just and proper.

///

///

///

CLASS ACTION COMPLAINT
FOR DAMAGES
Page 12 of 13

WASHINGTON LAW CENTER, PLLC
15 Oregon Ave., Suite 210
Tacoma, WA 98409
(253) 476-2653 | (253) 476-2298 fax

1   ///

2   ///

3

4       DATED this 26th day of February, 2015.

5

6                           WASHINGTON LAW CENTER, PLLC

7

8                           _____
                            Ashton K. Dennis, WSBA No. 44015
9                           Attorney for Plaintiffs

10

11      DATED this 26th day of February, 2015.

12

13                          PFAU COCHRAN VERTETIS AMALA, PLLC

14

15                          _____
                            Loren A. Cochran, WSBA No. 32773
16                          Attorney for Plaintiffs

17

18

19

20   4821-6848-6178, v. 1

21

22

23

24   CLASS ACTION COMPLAINT                    WASHINGTON LAW CENTER, PLLC
     FOR DAMAGES                                      15 Oregon Ave., Suite 210
     Page 13 of 13                                       Tacoma, WA 98409
                                                 (253) 476-2653 | (253) 476-2298 fax

Exhibit 1



**DEPARTMENT OF HEALTH & HUMAN SERVICES**            **OFFICE OF THE SECRETARY**
Voice - (206) 615-2290, (800) 362-1710            Office for Civil Rights, Region X
TDD - (206) 615-2296, (800) 537-7697              701 Fifth Avenue, Suite 1600, MS-11
(FAX) - (206) 615-2297                            Seattle, WA 98104
http://www.hhs.gov/ocr/

Date: **NOV 1 9 2014**



> RECEIVED
> NOV 2 0 2014
> CHERNICK MOEN GREENSTREET

Anthony Armada
Chief Executive
Swedish Health Services
747 Broadway
Seattle, WA 98122

OCR Transaction Number: 

Dear ▓▓▓▓▓▓▓▓▓▓▓▓▓▓:

The U.S. Department of Health and Human Services (HHS), Office for Civil Rights (OCR), received a complaint from ▓▓▓▓▓▓▓▓▓▓ (Complainant) alleging that Swedish Health Services (Swedish) is not in compliance with the Federal Standards for Privacy of Individually Identifiable Health Information and/or the Security Standards for the Protection of Electronic Protected Health Information (45 C.F.R. Parts 160 and 164, Subparts A, C, and E, the Privacy and Security Rules). Specifically, the Complainant alleged that he is the personal representative of his deceased father, ▓▓▓▓▓▓▓▓▓▓▓▓▓; on or about November 7, 2013, IOD, a business associate of Swedish, sent an invoice to Complainant for providing an electronic copy of his father's protected health information (PHI) that was not compliant with the copy fees permitted by the Privacy Rule. This allegation reflected a potential violation of 45 C.F.R. § 164.524(c)(4) (access of individuals to PHI - fees).

OCR enforces the Privacy and Security Rules and also enforces Federal civil rights laws that prohibit discrimination in the delivery of health and human services because of race, color, national origin, disability, age, and, under certain circumstances, sex and religion.

The Privacy Rule states that an individual has the right to access his/her PHI, maintained by a covered entity in a designated record set, for as long as the PHI is maintained in the designated record set (e.g., medical or billing records). *See* 45 C.F.R. § 164.524(a)(1). If an individual requests an electronic copy of that PHI, except under certain circumstances, a covered entity is required to provide the individual with such electronic copy to the extent it is readily producible. *See* 45 C.F.R. § 164.524(c)(2)(i) and (ii). A covered entity must act on the individual's request for access no later than 30 days after it receives the request. *See* 45 C.F.R. § 164.524(b)(2).

The Privacy Rule permits the covered entity to impose reasonable, cost-based fees to provide individuals (or their personal representatives) with access to their PHI. The fee may include only the cost of copying (including supplies and labor) and postage, if the patient requests that the copy be mailed. If the patient has agreed to receive a summary or explanation of his or her protected health information, the covered entity may also charge a fee for preparation of the summary or explanation. The fee may not include costs associated with searching for and retrieving the requested information. *See* 45 C.F.R. § 164.524(c)(4).

OCR Transaction Number: ███████                                                                    2

Additionally, if an individual's request for access directs the covered entity to transmit the copy of PHI directly to another person designated by the individual, the covered entity must provide the copy to the person designated by the individual. The individual's request must be in writing, signed by the individual, and clearly identify the designated person and where to send the copy of PHI. *See* 45 C.F.R. § 164.524(c)(3)(ii).

OCR notified Swedish of this complaint on December 20, 2013. In response to this complaint, Swedish conducted a review of the correspondence between Swedish, Complainant, and Complainant's attorney and determined that Swedish had failed to provide access as required by the Privacy Rule. Swedish concluded that, due to the inclusion of an attorney's letter, IOD staff had misinterpreted the request as an attorney request, and IOD had pre-billed the attorney using the Washington State allowable fees set forth by Washington State law. The IOD "PrePay Notice" dated November 7, 2013, provided by Complainant, reflected a charge of $624.51 for a hard copy page count of 654 pages, which included a "basic fee" of $24, a copy charge of $1.09 per page for pages 1 to 30, a copy of charge of $.82 per page for pages 30 to 654, plus sales tax and shipping.

In order to resolve the matter at issue, OCR provided substantial technical assistance to Swedish. Swedish agreed to clarify its individual access policies and procedures and amend its contract with IOD, stipulating that individual patients requesting access will be charged reasonable, cost based fees. Swedish revised its individual access copy fees to a) no cost for a hard copy of up to 10 pages, b) $.38 per page for hard copies after the first 10 pages, and c) $6.50 for a CD containing electronic PHI, regardless of the number of pages/images on the CD. Swedish amended its contract with IOD as of June 5, 2014 to reflect its revised individual access copy fees. Swedish retrained its staff members on its revised individual access policies and procedures and provided documentation of the retraining to OCR. Additionally, OCR confirmed that Swedish provided the requested records for no charge on a CD to Complainant's attorney, per the Complainant's request.

All matters raised by this complaint at the time it was filed have now been resolved through Swedish's voluntary compliance actions. Therefore, OCR is closing this case. OCR's determination as stated in this letter applies only to the allegations in this complaint that were reviewed by OCR.

Under the Freedom of Information Act, we may be required to release this letter and other information about this case upon request by the public. In the event OCR receives such a request, we will make every effort, as permitted by law, to protect information that identifies individuals or that, if released, could constitute a clearly unwarranted invasion of personal privacy.

If you have any questions regarding this matter, please contact Evelyn Zeller, of my staff, at 206-615-3869 (Voice), 206-615-2296 (TDD). When contacting this office, please remember to include the transaction number that we have given this file.

Sincerely,

Linda Yuu Connor
Regional Manager

cc:    Roger Leslie
       155 NE 100th St., Suite 400
       Seattle, WA 98125

Exhibit 2

# PrePay Notice



|  | FIRST NOTICE | SECOND NOTICE |
|---|---|---|
|  | Date Sent: 11/14/2014 | Date Sent: |

LINDSEY COLON
WASHINGTON LAW CENTER
15 OREGON AVE STE 210

TACOMA, WA 98409-7464

Patient: DICKMAN, PAULINE
SSN:
Claim/File #:
Order #: 35668633
Fax #: 253-476-2298

IMG WA1

Records requested from: MULTICARE HEALTH SYSTEM
Rec. Location: TACOMA GENERAL HOSPITAL

Dear Requester:

iod incorporated has been retained by the medical facility listed above to provide release of information services. It is our policy to require payment prior to delivering the requested information. **Please note this is an estimated fee, the final amount may differ.**

| Service dates requested | Specific Date(s): TG 7/8/09 TO PRES RECS & BILLS |
|---|---|
| Items requested | ALL |

"RT ITEMS" = Dictated notes, radiology reports, lab reports, special test results, etc.

| Description | Quantity | Unit Price | Extension |
|---|---|---|---|
| * Note: Hard Copy Page Count: 503 | 503 | $0.00 | $0.00 |
| Basic Fee $24.00 | 1 | $24.00 | $24.00 |
| Copy Charge $.82 Per Page 30 + | 473 | $0.82 | $387.86 |
| Copy Charge $1.09 Per Page 1-30 | 30 | $1.09 | $32.70 |
| Shipping | 1 | $12.35 | $12.35 |
| Sales Tax | 1 | $43.41 | $43.41 |

| Pages as per Request: | 503 | Fee Quote as per Request: | $ 500.32 |
|---|---|---|---|
| Notes: | | | |

The requested medical information will be provided after payment in full is received. Please make payment within 20 days of the first notice to avoid cancellation of your request. If the patient authorization has expired by the time payment is received, a new authorization will be required. Please note that it may take up to 15 business days from the date your request is received for your request to be processed. If you have any questions regarding this notice, please contact Customer Relations at 866-340-0767 Option 1 * Fax 425-462-7773.

- To make a payment online via credit card, go to payportal.iodincorporated.com
- To make a payment via credit card, you can also call Customer Relations at 866-420-7455 Option 1.

To make a manual payment, please send this form and your check or money order made payable to iod incorporated to address shown below. PLEASE DO NOT SEND CASH!

*IOD Incorporated   TaxID No. 65-0765287*
*PO Box 19072 Green Bay, WI 54307-9072*
*Phone 866-420-7455 Option 1 * Fax 920-406-6537*

Exhibit 3

# PrePay Notice



**FIRST NOTICE**

Date Sent: 11/14/2014

**SECOND NOTICE**

Date Sent:

**LINDSEY COLON**
**WASHINGTON LAW CENTER**   Acct: 234502
**15 OREGON AVE STE 210**

**TACOMA, WA 98409-7464**

Patient: DICKMAN, PAULINE
SSN:
Claim/File #:
Order #: 35668633
Fax #: 253-476-2298

IMG WA1

Records requested from: **MULTICARE HEALTH SYSTEM**
Rec. Location: TACOMA GENERAL HOSPITAL

Dear Requester:

iod incorporated has been retained by the medical facility listed above to provide release of information services. It is our policy to require payment prior to delivering the requested information. **Please note this is an estimated fee, the final amount may differ.**

| Service dates requested | Specific Date(s): TG 7/8/09 TO PRES RECS & BILLS |
|---|---|
| Items requested | ALL |
| "   RT ITEMS" = Dictated notes, radiology reports, lab reports, special test results, etc. | |

| Description | Quantity | Unit Price | Extension |
|---|---|---|---|
| * Note: Hard Copy Page Count: 503 | 503 | $0.00 | $0.00 |
| Basic Fee $24.00 | 1 | $24.00 | $24.00 |
| Copy Charge $.82 Per Page 30 + | 473 | $0.82 | $387.86 |
| Copy Charge $1.09 Per Page 1-30 | 30 | $1.09 | $32.70 |
| Shipping | 1 | $1.95 | $1.95 |
| Sales Tax | 1 | $42.42 | $42.42 |

| Pages as per Request: | 503 | Fee Quote as per Request: | $ 488.93 |
|---|---|---|---|
| Notes: | | | |

The requested medical information will be provided after payment in full is received. Please make payment within 20 days of the first notice to avoid cancellation of your request. If the patient authorization has expired by the time payment is received, a new authorization will be required. Please note that it may take up to 15 business days from the date your request is received for your request to be processed. If you have any questions regarding this notice, please contact Customer Relations at 866-340-0767 Option 1 * Fax 425-462-7773.

- To make a payment online via credit card, go to payportal.iodincorporated.com
- To make a payment via credit card, you can also call Customer Relations at 866-420-7455 Option 1.

To make a manual payment, please send this form and your check or money order made payable to iod incorporated to the address shown below. PLEASE DO NOT SEND CASH!

*IOD Incorporated   TaxID No. 65-0765287*
*PO Box 19072 Green Bay, WI 54307-9072*
*Phone 866-420-7455 Option 1 * Fax 920-406-6537*

# Attachment C

# Notice of Appearance for MultiCare

1

2

3

4

5

6

7

The Honorable Elizabeth Martin

Date of Trial:  8-25-16

8

SUPERIOR COURT OF WASHINGTON FOR PIERCE COUNTY

9

10

PAULINE DICKMAN, Individually and as a
class representative,

NO. 15-2-06366-4

11

Plaintiff,

**NOTICE OF APPEARANCE**

12

vs.

13

MULTICARE HEALTH SYSTEM, a
Washington nonprofit corporation, IOD, INC.,
A Wisconsin corporation,

14

15

Defendants.

16

COMES NOW, Defendant MULTICARE HEALTH SYSTEM., and without waiver

17

of proper service or any other affirmative defense herewith, enter an appearance in the above-

18

entitled action through Michael Madden, Amy Magnano, and Bennett Bigelow & Leedom,

19

P.S., attorneys of record, and request that all further pleadings herein, exclusive of process, be

20

served upon said attorneys at their office address below stated:

21

22

Michael Madden
Amy Magnano
Bennett Bigelow & Leedom, P.S.
601 Union Street, Suite 1500
Seattle, WA 98101-1363
(206) 622-5511
mmadden@bbllaw.com
amagnano@bbllaw.com

23

24

25

26

NOTICE OF APPEARANCE - Page 1

1    You are not authorized to serve pleadings or papers by use of facsimile or electronic

2    mail unless specifically negotiated with an attorney in the firm.  Where authorized, service by

3    facsimile or electronic mail will only be accepted Monday through Friday, 8:00 a.m. through

4    4:30 p.m. Pacific time.

5

6    DATED this ____5____ day of March, 2015.

7

8                                                    BENNETT BIGELOW & LEEDOM, P.S.

9

10   By _____
                                     Michael Madden, WSBA #8747

11                                   Amy Magnano, WSBA #38484
                                     Attorneys for Defendant

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

NOTICE OF APPEARANCE - Page 2

1

## CERTIFICATE OF SERVICE

2
3
4
5

 I, the undersigned, hereby certify under penalty of perjury under the laws of the State of Washington, that I am now, and at all times material hereto, a resident of the State of Washington, over the age of 18 years, not a party to, nor interested in, the above-entitled action, and competent to be a witness herein.  I caused a true and correct copy of the foregoing pleading to be served this date, in the manner indicated, to the parties listed below:

6
7
8

Ashton K. Dennis, WSBA #44015     ☐   Hand Delivered
Washington Law Center, PLLC     ☐   Facsimile
15 Oregon Avenue, Suite 210      ☒   U.S. Mail
Tacoma, WA  98409        ☐   Email
ashton@washingtonlawcenter.com

9
10
11

Loren A. Cochran, WSBA #32773    ☐   Hand Delivered
Pfau Cochran Vertetis Amala, PLLC    ☐   Facsimile
911 Pacific Ave, Ste 200       ☒   U.S. Mail
Tacoma, WA  98402        ☐   Email
loren@pcvalaw.com

12

  Attorneys for Plaintiffs

13
14

Dated this 5ᵗʰ day of March 2015, at Seattle, Washington.

15
16
17

Gerri Downs
Legal Assistant

18
19
20

{*0111.00185/M1205013.DOCX; 1}

21
22
23
24
25
26

NOTICE OF APPEARANCE - Page 3

# Attachment D

# Notice of Appearance for IOD

1

2

3

4

5

6

7        SUPERIOR COURT OF THE STATE OF WASHINGTON
                 IN AND FOR PIERCE COUNTY
8

9    PAULINE DICKMAN, individually and as a
     class representative,

10                        Plaintiffs,                    No. 15-2-06366-4

11           v.                                          NOTICE OF APPEARANCE

12   MULTICARE HEALTH SYSTEM, a
     Washington nonprofit corporation; IOD, INC., a
13   Wisconsin corporation,

14                        Defendants.

15           YOU AND EACH OF YOU will please take notice that Brad Fisher and Samantha

16   Funk and the law firm of Davis Wright Tremaine LLP, hereby appear as counsel of record for

17   Defendant IOD, Inc. in the above-entitled action, and requests that all further papers and

18   pleadings, except original process, be served upon the undersigned attorneys at the address

19   below stated.

20           DATED this 24th day of March, 2015.

21                                      Davis Wright Tremaine LLP
22                                      Attorneys for Defendant IOD, Inc.

23
                                        By /s/  Brad Fisher
24                                         Brad Fisher, WSBA #19895

25
                                           /s/  Samantha Funk
26                                         Samantha Funk, WSBA #43341

27

NOTICE OF APPEARANCE  - 1
DWT 26481496v1 0050033-000146                          Davis Wright Tremaine LLP
                                                              LAW OFFICES
                                                       1201 Third Avenue, Suite 2200
                                                         Seattle, WA  98101-3045
                                                   206.622.3150 main · 206.757.7700 fax

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I caused to be served the foregoing on the following counsel of record by the method indicated:

Ashton K. Dennis                          ☒ Via Messenger
Washington Law Center, PLLC               ☐ Via Facsimile
15 Oregon Ave., Ste. 210                  ☐ Via U.S. Mail
Tacoma, WA 98409                          ☒ Via Electronic Mail

Loren A. Cochran                          ☒ Via Messenger
Pfau Cochran Vertetis Amala, PLLC         ☐ Via Facsimile
911 Pacific Ave., Ste. 200                ☐ Via U.S. Mail
Tacoma, WA 98402                          ☒ Via Electronic Mail

Michael Madden                            ☒ Via Messenger
Amy Magnano                               ☐ Via Facsimile
Bennett Bigelow & Leedom PS               ☐ Via U.S. Mail
601 Union St Ste 1500                     ☒ Via Electronic Mail
Seattle, WA  98101-1363

Dated this 24th day of March, 2015.


/s/  Brad Fisher
Brad Fisher

NOTICE OF APPEARANCE  - 2
DWT 26481496v1 0050033-000146

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main   206.757.7700 fax

# Attachment E

# Motion for Default

1

HONORABLE ELIZABETH MARTIN

2

COPY RECEIVED

3

TIME _____ BY _____

4

MAR 20 2015

5

BENNETT BIGELOW
& LEEDOM

6

7

SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF PIERCE

8

PAULINE DICKMAN, individually and as a
class representative,

No. 15-2-06366-4

9

Plaintiffs,

MOTION FOR DEFAULT

10

vs.

11

MULTICARE HEALTH SYSTEM, a
Washington nonprofit corporation, IOD, INC.,
a Wisconsin corporation,

12

13

Defendants.

14

15

COMES NOW the Plaintiff, by and through her attorney, Ashton K. Dennis of

16

Washington Law Center, PLLC, and respectfully moves the Court as follows:

17

**RELIEF REQUESTED**

18

Plaintiff respectfully requests the Court to grant an Order of Default against Defendants

19

Multicare Health System and IOD, Inc.

20

**JURISDICTION AND VENUE**

21

1.      Jurisdiction is proper in Pierce County because all relevant issues giving rise to

22

this claim happened in Tacoma, Washington.  See RCWA 4.28.185(b).  Furthermore, venue is

MOTION FOR DEFAULT  - Page 1 of 3

WASHINGTON LAW CENTER, PLLC
15 Oregon Ave., Suite 210
Tacoma, WA  98409
(253) 476-2653 | (253) 476-2298 fax

COPY

1    proper under RCWA 4.12.020(3) that states a plaintiff may bring an action in the county where

2    they were a victim which resulted in damages.

3                          **STATEMENT OF FACTS**

4          1.      Plaintiff has stated all relevant facts and incorporated them through the

5    Declaration of Ashton K. Dennis, WSBA No. 44015.

6          2.      Plaintiff filed a Summons and Complaint for Damages and Declaratory and

7    Injunctive Relief with this Court on February 26, 2015.

8          3.      Defendant Multicare Health System was served with the Summons, Complaint

9    for Damages and Declaratory and Injunctive Relief and Order Setting Case Schedule on March

10   4, 2015 via Laird Pisto, who stated he was authorized to accept service for Multicare Health

11   System on behalf of Registered Agent, Mark Gary.

12         4.      Defendant IOD, Inc. was served with the Summons, Complaint for Damages and

13   Declaratory and Injunctive Relief and Order Setting Case Schedule on March 4, 2015 via

14   Connie Quantz, Service Representative for National Corporation Research, LTD., Registered

15   Agent for IOD, Inc.

16                          **STATEMENT OF ISSUES**

17         The issue in front of the Court is whether an Order of Default against Defendants

18   Multicare Health System and IOD, Inc. should be entered in favor of the plaintiff.

19                          **EVIDENCE RELIED UPON**

20         All relevant and material evidence, including the filings of this case and the Declaration

21   in Support of this motion signed by Ashton K. Dennis.

22   / / /

MOTION FOR DEFAULT  - Page 2 of 3                    WASHINGTON LAW CENTER, PLLC
                                                     15 Oregon Ave., Suite 210
                                                     Tacoma, WA  98409
                                                     (253) 476-2653 | (253) 476-2298 fax

**AUTHORITY**

An Order of Default may be entered against a party who has failed to appear, plead, or otherwise defend as provided by the Civil Rules and that fact is made to appear by motion and affidavit, a motion for default may be made.[1]   A motion for an order of default requires the moving party to state the basis for venue which has been incorporated above.   More than 20 days has elapsed since the day of service on both defendants.   Service was made in state.

**PROPOSED ORDER**

Plaintiff has attached a Proposed Order for Default to the Declaration of Ashton K. Dennis in Support of Motion for Default.

**CONCLUSION**

Plaintiff has followed all procedures set forth in Wash. Civil Rule 55(a) in attempt to secure a judgment against Defendants Multicare Health System and IOD, Inc.   Plaintiff respectfully submits this motion and requests the Court to grant plaintiff's Motion for Order of Default.

DATED this 25th day of March, 2015.

WASHINGTON LAW CENTER, PLLC

_____
Ashton K. Dennis WSBA No. 44015
Attorney for Plaintiff

---

[1] Wash. Civil Rule 55(a).

MOTION FOR DEFAULT  - Page 3 of 3

WASHINGTON LAW CENTER, PLLC
15 Oregon Ave., Suite 210
Tacoma, WA  98409
(253) 476-2653 | (253) 476-2298 fax

1

<u>DECLARATION OF SERVICE</u>

2

I, Jennifer Cott,  declare under penalty of perjury under the laws of the state of

3

Washington that I am employed at Washington Law Center, PLLC and that on the date given

below, I caused to be served in the manner indicated, a true and correct copy of the foregoing

4

MOTION FOR DEFAULT, with attached NOTE FOR MOTION and DECLARATION OF

5

ASHTON K. DENNIS IN SUPPORT, upon the following:

6

| Michael Madden<br>Amy Magnano<br>Bennett Bigelow & Leedom<br>601 Union Street, Suite 1500<br>Seattle, WA 98101 | ☒ Via Legal Messenger<br>☐ Via U.S. Mail<br>☐ Via Facsimile<br>☐ Via E-Mail |
| --- | --- |
| Brad Fisher<br>Samantha Funk<br>Davis Wright Tremaine, LLP<br>1201 Third Ave, Ste 2200<br>Seattle, WA 98101 | ☒ Via Legal Messenger<br>☐ Via U.S. Mail<br>☐ Via Facsimile<br>☐ Via E-Mail |
| Loren  Cochran<br>Pfau Cochran Vertetis Amala, PLLC<br>911 Pacific Ave Ste 200<br>Tacoma, WA  98402-4413 | ☒ Via Legal Messenger<br>☐ Via U.S. Mail<br>☐ Via Facsimile<br>☐ Via E-Mail |

7

8

9

10

11

12

13

14

15

16

DATED this 26th day of March, 2015 in Tacoma, Washington.

WASHINGTON LAW CENTER, PLLC

17

18

19

Jennifer Cott, Paralegal

20

21

22

MOTION FOR DEFAULT  - Page 4 of 4