1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PAULINE DICKMAN, individually and
as a class representative,

                    Plaintiff,

        v.

MULTICARE HEALTH SYSTEM, a
Washington nonprofit corporation, IOD,
INC., a Wisconsin corporation,

                    Defendants.

CASE NO. C15-5193 BHS

ORDER GRANTING
PLAINTIFF'S MOTION TO
REMAND, DENYING
PLAINTIFF'S REQUEST FOR
FEES, AND DENYING
DEFENDANTS' MOTION TO
DISMISS AS MOOT

This matter comes before the Court on Plaintiff Pauline Dickman's ("Dickman")

motion to remand and request for fees (Dkt. 8) and Defendants MultiCare Health System

and IOD, Inc.'s (collectively "Defendants") motion to dismiss (Dkt. 10).  The Court has

considered the pleadings filed in support of and in opposition to the motions and the

remainder of the file and hereby grants Dickman's motion, denies Dickman's request for

fees, and denies as moot Defendants' motion for the reasons stated herein.

# I. PROCEDURAL AND FACTUAL BACKGROUND

On November 13, 2014, Dickman requested her medical records from IOD, Inc. ("IOD") for treatment she received at MultiCare Health System.  Dkt. 1, Ex. B ("Comp.") ¶ 4.7.  Dickman requested this information pursuant to the Health Insurance Portability and Accountability Act ("HIPAA").  *Id.*

Under HIPAA, an individual has "a right to obtain from [a] covered entity a copy of [protected health] information in an electronic format."  42 U.S.C. § 17935(e)(1). "[T]he covered entity may impose a reasonable, cost-based fee" for providing the requested information.  45 C.F.R. § 164.524(c)(4).  This fee may include only the cost of copying, postage, and preparing a summary of the requested information.  *Id.*  IOD charged Dickman $488.93 for the requested medical records on a per-page basis.  Comp. ¶ 4.10.

On February 26, 2015, Dickman filed suit against Defendants in Pierce County Superior Court.  *Id.*  Dickman alleges that Defendants (1) violated Washington's Consumer Protection Act ("CPA"), and (2) negligently handled her medical records request.  *Id.* ¶¶ 6.3–6.14.  Dickman bases both state law claims on Defendants' alleged violations of HIPAA's fee provisions.  *See id.* (citing 42 U.S.C. § 17935(e)(1); 45 C.F.R. § 164.524(c)(4)).  Dickman seeks declaratory and equitable relief, as well as damages, under state law.  *Id.*

On April 1, 2015, Defendants removed the suit to this Court.  Dkt. 1.  On April 8, 2015, Dickman moved to remand and requested fees.  Dkt. 8.  On April 27, 2015, Defendants responded.  Dkt. 14.  On May 1, 2015, Dickman replied.  Dkt. 16.  On April

8, 2015, Defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). Dkt. 10.  On April 27, 2015, Dickman replied.  Dkt. 15.  On May 1, 2015, Defendants replied.  Dkt. 17.

## II. DISCUSSION

**A.    Motion to Remand**

Defendants removed this suit from state court on the basis of federal question jurisdiction.  Dkt. 1 at 2.  Dickman moves to remand, arguing that her complaint does not present a federal question.  Dkt. 8.  As the party that removed this case, Defendants bear the burden of establishing that federal jurisdiction is proper.  *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988).  Any doubts about the propriety of removal must be resolved in favor of remand.  *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

District courts have federal question jurisdiction over all claims "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint' rule, which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000).  "In determining the existence of removal jurisdiction, based upon a federal question, the court must look to the complaint as of the time the removal petition was filed."  *O'Halloran*, 856 F.2d at 1379.

1    Here, Dickman's complaint sets forth only state law claims.[1]  *See* Comp.

2  Defendants nevertheless argue that federal question jurisdiction is proper because

3  Dickman's state law claims are based on HIPAA violations and thus implicate significant

4  federal issues.  Dkt. 14.

5    When a complaint does not allege a federal cause of action, federal question

6  jurisdiction will sometimes lie over "state-law claims that implicate significant federal

7  issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312

8  (2005).  However, "the mere presence of a federal issue in a state cause of action does not

9  automatically confer federal-question jurisdiction." *Merrell Dow Pharm. Inc. v.*

10  *Thompson*, 478 U.S. 804, 813 (1986).  State law claims give rise to federal question

11  jurisdiction only "if a federal issue is: (1) necessarily raised, (2) actually disputed, (3)

12  substantial, and (4) capable of resolution in federal court without disrupting the federal-

13  state balance approved by Congress." *Gunn v. Minton*, 133 S. Ct. 1059, 1065 (2013).  A

14  case fits within this "special and small category" only if all four elements are satisfied.

15  *Id.* at 1064–65.

16    In this case, the first two elements appear to be satisfied.  Dickman's claims

17  necessarily raise federal issues that are actually disputed because Dickman's CPA and

18  negligence claims are solely predicated on Defendants' alleged HIPAA violations.  *See*

19

20    [1] Dickman withdrew her CPA claim in response to Defendants' motion to dismiss.  Dkt.
21  15 at 11.  The Court, however, must look at the complaint as of the time the removal petition was
     filed to determine whether jurisdiction exists.  *O'Halloran*, 856 F.2d at 1379.  At the time of
     removal, Dickman's complaint asserted a CPA and a negligence claim under Washington
22  state law.  Comp. ¶¶ 6.3–6.14.

1   Comp. ¶¶ 6.3–6.14.  However, Dickman's reliance on HIPAA to prove elements of her

2   state causes of action does not, by itself, confer federal jurisdiction.  *Grable*, 545 U.S. at

3   318–19; *Merrell Dow*, 478 U.S. at 817.  The federal issue must also be substantial and

4   capable of resolution in federal court without disrupting the federal-state balance

5   approved by Congress.  *Gunn*, 133 S. Ct. at 1065.  The Court finds that neither of these

6   elements is satisfied here.

7          As to the third element, Defendants contend that Dickman's suit raises substantial

8   federal interests because "HIPAA establishes broad national policies regarding access to

9   health care information."  Dkt. 14 at 7.  The substantiality inquiry looks at "the

10  importance of the issue to the federal system as a whole," rather than "the particular

11  parties in the immediate suit."  *Gunn*, 133 S. Ct. at 1066.  Under this approach, the

12  Supreme Court has determined that federal issues directly affecting the functioning of the

13  federal government are substantial.  *See, e.g.*, *Grable*, 545 U.S. at 315 (concluding that

14  the validity of IRS regulations was a substantial federal interest because it would directly

15  impact tax collection); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 201 (1921)

16  (finding that substantiality existed because the case turned on the constitutionality of

17  bonds issued by a federal agency).

18         In this case, the federal issue is whether Defendants imposed reasonable fees for

19  providing requested medical records under HIPAA.  *See, e.g.*, Comp. ¶ 6.7–6.8, 6.11–

20  6.13.  Dickman's claims therefore concern the actions of private parties rather than the

21  federal government.  Moreover, Dickman's claims do not call into question the validity

22

1  of HIPAA statutes and regulations.  Without more, the Court concludes that this suit does

2  not implicate a substantial federal interest.

3       Defendants also contend that state court resolution of state law claims based on

4  alleged HIPAA violations will result in "a myriad of state court rulings."  Dkt. 14 at 7.

5  This argument is unavailing as well.  "[T]he possibility that a state court will incorrectly

6  resolve a state claim is not, by itself, enough to trigger" federal question jurisdiction.

7  *Gunn*, 133 S. Ct. at 1069.

8       Finally, Defendants' arguments regarding the federal-state balance are

9  unpersuasive.  As a preliminary matter, HIPAA does not provide a private right of action.

10  *Webb v. Smart Document Sols., LLC*, 499 F.3d 1078, 1081 (9th Cir. 2007).  While not

11  dispositive, the absence of a private, federal right of action weighs against the exercise of

12  federal question jurisdiction.  *Grable*, 545 U.S. at 318; *Merrell Dow*, 478 U.S. at 812.  As

13  the Supreme Court explained in *Merrell Dow*, it would undermine congressional intent to

14  allow claims for private relief into federal court through a state cause of action when a

15  federal private right of action is unavailable.  478 U.S. at 812.

16       Moreover, state courts routinely apply federal law in state law consumer

17  protection and negligence suits.  *See, e.g.*, *Grable*, 545 U.S. at 318 ("The violation of

18  federal statutes and regulations is commonly given negligence per se effect in state court

19  proceedings."); *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 676 (9th Cir. 2012) ("State

20  courts frequently handle state law consumer protection suits that refer to or are predicated

21  on standards set forth in federal statutes.").  Exercising federal question jurisdiction over

22  state law claims that are predicated on federal standards such as HIPAA could "herald[] a

1    potentially enormous shift of traditionally state cases into federal courts." *Grable*, 545

2    U.S. at 319; *see also Nevada*, 672 F.3d at 676.

3        In sum, Defendants have failed to show that federal question jurisdiction is proper

4    in this case.  Although Dickman's state law claims are predicated on HIPAA violations,

5    her claims do not fall within the "special and small category" of cases that implicate

6    significant federal issues.  *See Gunn*, 133 S. Ct. at 1064–65.  Because the Court lacks

7    subject matter jurisdiction over this action,[2] the Court grants Dickman's motion and

8    remands this case to state court.

9    **B.    Attorney Fees**

10       Having granted Dickman's motion to remand, the Court turns to Dickman's

11   request for attorney's fees incurred as a result of removal.  Dkt. 8 at 7–8.  "An order

12   remanding the case may require payment of just costs and any actual expenses, including

13   attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  "Absent unusual

14   circumstances, courts may award attorney's fees under § 1447(c) only where the

15   removing party lacked an objectively reasonable basis for seeking removal."  *Martin v.*

16   *Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  Here, the Court is unable to conclude

17   that Defendants lacked an objectively reasonable basis for removing this case to federal

18   court.  The Court therefore denies Dickman's request for attorney fees.

19

20

21   _____

22       [2] Defendants did not rely on diversity jurisdiction for removal, nor could they, as the
     parties are not diverse in this case.  *See* 28 U.S.C. § 1332.

1

**III. ORDER**

2      Therefore, it is hereby **ORDERED** that Dickman's motion to remand (Dkt. 8) is

3  **GRANTED**.  Dickman's request for attorney fees (Dkt. 8) is **DENIED**.  This action is

4  **REMANDED** to Pierce County Superior Court.  Defendants' motion to dismiss is

5  **DENIED as moot**.  Defendants can refile their motion to dismiss in state court or request

6  that the state court renote their motion.  The Clerk shall close this case.

7      Dated this 2nd day of June, 2015.

8

9

_____

BENJAMIN H. SETTLE

10  United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22